# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| THE ESCO EMPLOYEE SAVINGS INVESTMENT PLAN, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Case No. 4:19CV77 HEA |
| AIMEE WALSH, et al., | ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM, AND ORDER

Following the death of Patrick Walsh ("Walsh"), Plaintiff Esco Employee Savings Investment Plan ("ESIP") filed this action to interplead some $77,420.57, the balance of Walsh's retirement savings under the plan. The Complaint in Interpleader names as Defendants the competing claimants to these retirement savings: (1) Walsh's daughters, Aimee Walsh, Erin Walsh, and Rachel Verdugo ("Daughters"), and (2) his Spouse, Kerry Johnson Walsh ("Spouse").

Subsequently, Daughters filed crossclaims against Spouse alleging state law tortious interference and fraud. Similarly, Spouse filed crossclaims against Daughters alleging tortious interference with a contract and civil conspiracy to commit the same.

This matter is before the Court on the opposing Motions to Dismiss of Co-defendants Spouse and Daughters [Doc. No. 39 and 44, respectively] Both Spouse

and Daughters argue pursuant to Fed. R. Civ. P. 12(b)(1) that the court lacks subject matter jurisdiction over the other co-defendant's state law claims. Similarly, the parties argue that the other co-defendant fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Co-Defendants have each responded in opposition to these Motions and subsequently replied. For the reasons set forth below, Spouse's Motion is Denied with respect to Daughters' Count I and Granted with respect to Daughters' Counts II and III, and Daughters' Motion is Denied. The Court addresses each motion in turn.

## Facts and Background

**Spouse's Motion to Dismiss**

In her motion to dismiss, Spouse argues that the Court should dismiss Daughters' amended crossclaims for three reasons. First, she claims that Daughters' crossclaims all expand the factual and legal issues beyond the case or controversy of the underlying interpleader action. Therefore, she argues that the Court lacks original jurisdiction over the claims and lacks supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). She claims in the alternative that the Court should exercise its discretion under 28 U.S.C. § 1367(c) and decline to exercise supplemental jurisdiction over Daughters' crossclaims. Spouse finally claims that Daughters' state law causes of action fail to state a claim

upon which relief can be granted, and they should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

For the purposes of this motion, Daughters' factual allegations are taken as true. Daughters allege:

Walsh and Spouse executed a beneficiary change authorization form in connection with Walsh's Employee Savings Investment Program ("ESIP") account, designating Spouse and the three Daughters as equal beneficiaries each entitled to 25% of the funds. In early October 2018, Daughters learned that Walsh had not submitted effective beneficiary designation forms for the ESIP funds, for his disability insurance policy, for his IRA, and for a life insurance policy. Daughters obtained these designation forms and consulted with Spouse and Walsh about Walsh's intention as to the ESIP fund and his other benefits. Before his death, Walsh made clear to Spouse and Daughters that he intended they all receive equal 25% shares of each of his benefits. Daughters provided Spouse with designation forms concerning the ESIP funds, insurance, and disability on or about October 2, 2018.

Spouse assured Daughters that she would help Walsh submit forms designating the four of them as equal 25% beneficiaries of his ESIP funds, his life insurance, and his rollover IRA. Spouse procured Walsh's signature, but she intentionally failed to effectuate Walsh's will by altering aspects of the beneficiary

designation forms for the ESIP funds, life insurance policy, and IRA. These alterations rendered the designations of beneficiaries invalid or provided Spouse a larger share of the benefits from these accounts. Spouse concealed these beneficiary designation forms from Daughters until after Walsh's death, subsequently claimed they were forged by Daughters, and communicated with the plan administrators in attempts to procure 100% of the benefits for herself. As a result of Spouse's actions, she obtained 52% of Walsh's life insurance policy and 100% of his IRA, which contained roughly $297,000.

Daughters claim that the court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to adjudicate their state law crossclaims of tortious interference and fraud in addition to its original jurisdiction over this case under 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

**Daughters' Motion to Dismiss**

In their motion to dismiss, Daughters claim that the Court lacks supplemental jurisdiction over Spouse's state law claims because those claims do not form part of the same case or controversy as the underlying interpleader action. Alternatively, Daughters argue that if the Court exercises jurisdiction over Spouse's crossclaims, the Court must adjudicate Daughters' state law claims as compulsory counterclaims. Daughters further argue that the Court should not

exercise supplemental jurisdiction because Spouse's state law claims substantially predominate over Spouse's claim for the ESIP funds. Finally, Daughters argue that Spouse has failed to state a claim under Fed. R. Civ. P. 12(b)(6), because no statute or contract under Missouri law provides for Spouse's recovery of attorneys' fees.

For the purposes of this Motion, Spouse' factual allegations are taken as true. Spouse alleges:

Walsh, Spouse, and ESIP had a valid contract which created an expectancy in Spouse. Daughters knew that Spouse expected and was entitled to receive the money in Walsh's ESIP account upon Walsh's death, and one or more of the daughters intentionally interfered with her expectancy. That interference caused ESIP not to pay her the balance of Walsh's ESIP account. One or more of the daughters used improper means to procure Spouse' signature on a change of beneficiary form.

**Standard of Review**

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be either a "facial" challenge based on the face of the pleadings, or a "factual" challenge, in which the court considers matters outside the pleadings. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729, n. 6 (8th Cir. 1990); *C.S. ex rel. Scott v. Mo. State Bd. of Educ.*, 656 F. Supp. 2d 1007, 1011 (E.D. Mo. 2009).

Spouse brings a facial challenge to the Court's subject matter jurisdiction based on the information in the pleadings. *See* Doc. No. 39 at 5. Daughters also bring a facial challenge. *See* Doc. No. 44 at 4. As such, the court "must accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party," the same as in a Fed. R. Civ. P. 12(b)(6) motion. *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008).

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores,* 588 F.3d 585, 594 (8th Cir. 2009). The purpose of a motion to dismiss is to test the sufficiency of the complaint. When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007). The Court does not accept as true allegations which amount to a legal conclusion. *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but

whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

## Discussion

**Daughters' Count I**

No party disputes that the Court has original jurisdiction under 28 U.S.C. §1331 and ERISA over the interpleaded funds. Nor does any party dispute that the Court lacks original jurisdiction over the parties' various state law crossclaims. Daughters' Count I of their Amended Cross-Claims and Spouse' Count I of her Crossclaims are limited in scope to the interpleaded ESIP funds, and the Court finds that it has original federal question jurisdiction over these claims. *See* Doc. No. 38 at 1-2, Doc. No. 28 at 6-7. Spouse' Motion to Dismiss is therefore Denied with respect to Daughters' Count I.

**State Law Crossclaims**

The only question with regard to jurisdiction, then, is whether the Court may appropriately exercise supplemental jurisdiction over any of Daughters' or Spouse' state law crossclaims. Title 28 U.S.C. § 1367(a) provides that when a district court has original jurisdiction over a claim, that court shall also have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Federal courts' jurisdiction extends

to state law claims which "derive from a common nucleus of operative fact," such that the state law claims "would ordinarily be expected to [be tried] all in one judicial proceeding" along with the claims over which the court has original jurisdiction. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007).

Narrowing the requirements for subject matter jurisdiction in this case further, the Supreme Court has long held that an interpleader action "cannot be used to solve all the vexing problems of multiparty litigation." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 535 (1967); *see also Buckeye State Mut. Ins. Co. v. Moens*, 944 F. Supp. 2d 678, 696 (N.D. Iowa 2013) (explaining that interpleader "does not authorize consolidation of all related tort actions into a single action"); *Carolina Cas. Ins. Co. v. Mares*, 826 F. Supp. 149, 153–54 (E.D. Va. 1993) (finding crossclaims seeking to recover part of the damages not satisfied by the interpleader fund from other defendants to be outside of the scope of permissible crossclaims permitted in interpleader actions). A party may generally assert a crossclaim where "the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim . . . ." Fed. R. Civ. P. 13(g). However, crossclaims in interpleader actions are less permissive than this transaction or occurrence test. *See Robinson v. Hilliard*, 2017 WL 6039535 (E.D. Mo. 2017) ("[T]he scope of an interpleader action is normally limited to the fund at

issue."). The sole issue raised in ESIP's complaint is the proper disbursement of Walsh's ESIP benefits to the appropriate beneficiary or beneficiaries. As such, crossclaims must be limited to disputes around that issue.

Daughters' state law crossclaims are not part of the same case as the federal interpleader claim in this matter, because the two sets of claims are not bound by a common nucleus of operative fact. The federal interpleader claim in this case relates to the benefits payable by ESIP to Walsh's designated beneficiary or beneficiaries. The operative facts that will drive the resolution of this claim will concern the circumstances around the establishment of this ERISA-compliant plan, its policies, its communications with Walsh and the codefendants, and the alleged change of beneficiaries under Walsh's ESIP account. *See, e.g.*, *Prudential Ins. Co. v. Kamrath*, 475 F.3d 920, 923-25 (8th Cir. 2007) (discussing the circumstances in which a change of beneficiary is effective).

By way of contrast, the operative facts that would drive the resolution of Daughters' state law claims of tortious interference and fraud would concern the relationships, communications, and agreements between Walsh, the codefendants, and two wholly separate and otherwise uninvolved financial service providers, Primerica, Inc. and Principal Financial Group. *See Clearly Canadian Beverage Corp. v. Am. Winery, Inc.*, 257 F.3d 880, 890 (8th Cir. 2001) (discussing the elements of a fraudulent misrepresentation claim in Missouri). These other

providers would need to become involved because of the issues regarding Walsh's life insurance policy and his previous rollover IRA, neither of which is alleged to operate under the framework of ERISA.[1] As such, the Court cannot exercise supplemental jurisdiction over Daughters' state law crossclaims.

Daughters' alternative argument, that their state law crossclaims are in fact compulsory counterclaims to Spouse' state law crossclaims, also fails. A counterclaim is compulsory only if the claim "arises out of the same transaction or occurrence," and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). Daughters' state law claims raise issues of fact and law outside the scope of the interpleaded ESIP funds, require substantially different evidence, and would not be barred from a subsequent suit by res judicata. They therefore do not arise out of the transaction or occurrence that are the subject of Spouse' claims. *See Cochrance v. Iowa Beef Processors*, 596 F.2d 254, 263 (8th Cir. 1979). Further, Daughters have not alleged that the court would be able to acquire jurisdiction over the other two financial service providers mentioned, nor do they allege that the court would not need to add those companies as parties to this matter. *See generally*, Doc. No. 38.

---

[1] According to Daughters' own pleadings, these financial service providers not only controlled parts of Walsh's estate separate from the interpleaded ESIP funds, but they have also already disbursed Walsh's benefits from those accounts in amounts far greater than the ESIP funds in question.

For the foregoing reasons, Spouse' Motion to Dismiss is Granted with respect to Daughters' Counts II and III.

Spouse' state law crossclaims, on the other hand, are part of the same case or controversy because they share a common nucleus of operative fact with the underlying interpleader complaint. The circumstances around the establishment of ESIP's ERISA-compliant plan, its policies, its communications with Walsh and the codefendants, and the alleged change of beneficiaries under Walsh's ESIP account will drive both the outcome of the underlying interpleader matter and Spouse' crossclaims. *See, e.g.*, *Baldwin Properties, Inc. v. Sharp*, 949 S.W.2d 952, 956 (Mo. App. 1997) (listing the elements of tortious interference); *see also Higgins v. Ferrari*, 474 S.W.3d 630, 642 (Mo. App. 2015) (listing the elements of civil conspiracy).

Daughters final argument, that Spouse fails to state a claim upon which relief can be granted, lacks merit. Under Missouri law, a claim for tortious interference with a contract requires: "(1) a contract or valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages." *Bishop & Assocs., LLC v. Ameren Corp.*, 520 S.W.3d 463, 472 (Mo. banc 2017). Spouse has plausibly alleged each element of this claim.

For the above reasons, the Court may exercise supplemental jurisdiction over Counts II and III of Spouse' Crossclaims, and Daughters' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) is Denied.

## Conclusion

Based upon the foregoing analysis, Daughters' motion to dismiss will be denied, and Spouse' motion to dismiss will be denied in part and granted in part.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kerry Johnson Walsh's Motion to Dismiss [Doc. No. 39] is **DENIED** with respect to Daughters' Count I and **GRANTED** with respect to Daughters' Counts II and III.

**IT IS FURTHER ORDERED** that Defendants Aimee Walsh, Erin Walsh, and Rachel Verdugo's Motion to Dismiss [Doc. No. 43] is **DENIED**.

Dated this 14th day of April, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE