UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE ESCO EMPLOYEE SAVINGS INVESTMENT PLAN, | ) ) ) |
| Plaintiff | ) ) |
| vs. | ) )   Case No. 4:19CV77 HEA ) |
| AIMEE WALSH, *et al.*, | ) ) |
| Defendants/Cross-Claimants/ Cross-Defendants. | ) ) |

## OPOINION,  MEMORANDUM AND ORDER

This matter is before the Court on Defendant/Cross-Claimant/Cross-Defendant Kerry Johnson Walsh's ("Spouse") Motion for Summary Judgment , [Doc. No. 60]. Plaintiff and Defendants/Cross-Claimants/Cross-Defendants ("Daughters") have not responded to the Motion.  Spouse requests that the Court enter summary judgment in her favor on all claims in the Plaintiff Plan's Complaint for Declaratory Judgment and Petition in Interpleader, her Cross-Claim in Interpleader (Count I), and Daughters' Cross-Claim in Interpleader (Count I); declare that she is the sole primary beneficiary entitled to the Plan Benefit; award her judgment as against the Plan and Daughters in the full amount of the Plan Benefit as of the date of judgment; award her judgment against Daughters in the

form of prejudgment interest from the date of her claim to the Plan for payment of the Plan Benefit and her reasonable attorneys' fees and costs incurred.

## Facts and Background

Spouse has, in accordance with the Court's Local Rules, submitted a Statement of Uncontroverted Material Facts. Plaintiff and Daughters have failed to respond to these facts. Local Rule 4.01(E) provides:

> Rule 4.01 Motions and Memoranda.
>
> (E) A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

Spouse's facts are therefore deemed admitted pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 4.01(E). The undisputed facts are as follows:

In late 2007, Patrick Walsh enrolled and began participating in The ESCO Technologies, Inc. ("ESCO") Employee Savings Investment Plan (the "Plan"), an employee retirement plan offered by his employer, VACCO Industries, a

subsidiary of ESCO, and governed by the Employee Retirement Income Security Act (ERISA).

At or near the time of his enrollment in the Plan, Mr. Walsh executed a beneficiary designation form listing his wife (Spouse) as his sole primary beneficiary under the Plan.

Mr. Walsh was diagnosed with multiple myeloma (a type of blood cancer) in July 2018. Within a month of that diagnosis, Mr. Walsh was unable to hold a pen, sign his name, or write legibly, and he did not regain that ability at any time prior to his death.

.   Mr. Walsh was hospitalized in mid-October 2018 and died on October 24, 2018.

At the time of his death, Mr. Walsh and Spouse had been married for 23 years.

Defendants/Cross-Defendants/Cross-Claimants Aimee Walsh, Erin Walsh, and Rachel Verdugo (collectively, "Daughters"), are Mr. Walsh's children from prior marriages.

On October 24, 2018, the day of Mr. Walsh's death, the Plan received a request to change Mr. Walsh's beneficiary designation under the Plan and mailed a confirmation of the request to Mr. Walsh at his home address, enclosing forms needed to complete the requested change, including a beneficiary change

3

authorization form. The Plan required spousal consent to Mr. Walsh's designation of a beneficiary other than Spouse.

The Summary Plan Description ("SPD") describing the Plan provides, in part, as follows:

> *Introduction*
>
> *This document is a brief description of [the Plan]. . .*
>
> \* \* \*
>
> **This Summary Plan Description describes the Plan in effect as of October 1, 2018. If any provision in this Summary differs from the Plan document, the Plan document will govern.**
>
> \* \* \*
>
> **Below is a basic outline of the Plan. Please read the rest of this Summary Plan Description for details.**
>
> \* \* \*
>
> **What happens when I die?** The entire amount in your account will be distributed to your surviving spouse or your beneficiary. (pages 7 and 13)
>
> \* \* \*
>
> *Summary of the Plan*
>
> **Participation**
>
> \* \* \*
>
> **Beneficiary**
>
> When you join the Plan, you must select a beneficiary. The beneficiary is the person who will receive the amount in your account when you die. If you are married, your spouse is automatically your sole beneficiary unless your spouse consents in writing to let you name another person. If you are not married, you can name anyone as your beneficiary. . . .
>
> You may change your beneficiary at any time. To change your beneficiary

4

information, log on to your account at **vanguard.com/RetirementPlans**. If a married participant names a non-spouse beneficiary, the beneficiary designation will be pending the spouse's consent and notary public's witness on the Vanguard confirmation. . . .

* * *

**Distribution of Benefits After Your Employment Ends
When Your Career with the Company Ends**

You are eligible to receive the full value of your account in a lump sum payment when you leave for any reason including:

* * *

・ **Death (in which case, payment will be made to your beneficiary)** – If you are married, your spouse will receive the full amount in your account unless your spouse agrees in writing to let you name another beneficiary. . . . Refer to the Beneficiary section (page 7) for more information.

The Plan Document provides, in part, as follows:

SECTION 10

ADMINISTRATION

* * *

10.5 Governing Law. The Plan shall be governed by and construed in accordance with the laws of the State of Missouri. . . .

* * *

SECTION 13

DISTRIBUTION TO SPOUSE OR BENEFICIARIES IN THE EVENT OF DEATH

13.1 Distribution to Spouse. Upon the death of a Participant, the Emerson Common Stock and cash in his or her Account shall be distributed in a lump sum, as of the Valuation Date on which authorized distribution instructions are received in good order by the Trustee (but in no event later than the date required under Section 9.3(a)), to his or her surviving Spouse,

    if any, unless the surviving Spouse has consented in the manner required under Section 13.4 to a designated beneficiary and one or more designated beneficiaries survives the Participant.

    13.2 Designation of Beneficiary. Each Participant shall have the right to name and change primary and contingent beneficiaries under the Plan in accordance with policies or practices established by the Plan Administrator. If upon the death of the Participant, the Participant has no surviving Spouse or the Participant's surviving Spouse has consented to the designation of a beneficiary in the manner required under Section 13.4, the entire balance of his or her Account shall be divided among the primary or contingent beneficiaries designated by such Participant who survive the Participant. No designation or change or cancellation of such designation under this Plan shall be effective unless received by the Employer, and in no event shall it be effective as of a date prior to such receipt. . . .

* * *

    13.4 Spousal Consent to Designation of Beneficiary. The Spouse of a Participant may consent in writing to the designation of a beneficiary other than the Spouse and such designation may not be changed without the written consent of the Spouse. The Spouse's consent must acknowledge the effect of such designation and must be witnessed by a notary public or plan representative. Any such consent must be filed with the Employer in order to be effective. . . .

On October 30, 2018, after Mr. Walsh's death, the Plan received a beneficiary change authorization form (the "Change Form" or "Form") purportedly signed by both Mr. Walsh and Spouse and consenting to the designation of Daughters as equal primary beneficiaries with Spouse, with each entitled to 25 percent of the benefit payable under the Plan on Mr. Walsh's behalf. The Change Form purportedly was signed by Mr. Walsh on October 23, 2018, the day before his death and the day before the Plan received the request to change Mr. Walsh's

6

beneficiary designation under the Plan.

On October 23, 2018, the date the Form purportedly was signed by Mr. Walsh, Mr. Walsh was hospitalized in a near-comatose state and had been unable to hold a pen or sign his name for several weeks.

On October 27, 2018, three days after Mr. Walsh's death, Daughters presented Spouse with the Change Form and insisted that she sign it. After repeatedly resisting their demand that she sign the Form, questioning whether Mr. Walsh had signed it, telling Daughters it did not reflect what their father wanted, and asking them to leave and come back to discuss the matter with her at a later time, Spouse signed the Form so that Daughters would leave her alone to grieve.

At the time of Mr. Walsh's death on October 24, 2018, Spouse was Mr. Walsh's surviving spouse and the sole primary beneficiary designated under the Plan.

On November 13, 2018, Spouse submitted a claim to the Plan for the full amount of the benefit payable under the Plan on Mr. Walsh's behalf.

Spouse moves for Summary Judgment on Plaintiff's Interpleader Complaint, her Cross-Complaint in Interpleader, and Daughters' Cross-Complaint in Interpleader seeking a determination that she is entitled to the entire balance of Mr. Walsh's account.

## Summary Judgment Standard

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine [dispute] of material fact exists and that the moving party is entitled to judgment as a matter of law." *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654 (8th Cir. 2007); Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Id.* "The basic inquiry is whether it is so one-sided that one party must prevail as a matter of law." *Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted). Once the moving party has met its burden, "[t]he nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks and citation omitted).

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003) (quoting *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)). The nonmoving party may not merely point to unsupported self-serving allegations but must substantiate allegations with sufficient probative evidence that would permit a finding in his or her favor. *Wilson,* 62 F.3d 237, 241 (8th Cir. 1995). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197 at *3 (8th Cir. 2008).

## Discussion

There is no dispute that the Plan is governed by the provisions of ERISA. "The award of benefits under an ERISA plan is determined in the first instance by the language of the plan itself." *S.S. Trade Ass'n Int'l Longshoremen's Ass'n, (AFL-CIO) Benefits Trust Fund, (AFL-CIO) v. Bowman*, 247 F.3d 181, 183 (4th Cir.

9

2001) (internal quotation marks and citation omitted). "Congress identified the need to follow plan documents as a core principle of [ERISA]." *Boyd v. Metro. Life Ins. Co.*, 636 F.3d 138, 140 (4th Cir. 2011) (citing S. Rep. No. 93–127, at 30 (1974), *reprinted in* 1974 U.S.C.C.A.N. 4838, 4866) (internal quotation marks and alteration omitted). The so-called plan documents rule requires that "plan administrators look solely at 'the directives of the plan documents' in determining how to disburse benefits." *Id.* at 140 (quoting *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 299-300 (2009)).  The Eighth Circuit has held that "[a]ny waiver of retirement benefits by a spouse must strictly comply with the consent requirements set forth in ERISA." *MidAmerican Pension and Employee Benefits Plans Admin. Comm. v. Cox*, 720 F.3d 715, 719 (8th Cir. 2013) (citation omitted).

The terms of the Plan incorporate the consent requirements of 29 U.S.C. 1055, and thus must be strictly construed.  The Plan provides:

> *If upon the death of the Participant*, the Participant has no surviving Spouse or *the Participant's surviving Spouse has consented to the designation of a beneficiary* in the manner required under Section 13.4, the entire balance of his or her Account shall be divided among the primary or contingent beneficiaries designated by such Participant who survive the Participant. No designation or change or cancellation of such designation under this Plan shall be effective unless received by the Employer, and in no event shall it be effective as of a date prior to such receipt. . . .

The unambiguous language of the Plan provides that upon the death of the participant, the fund shall be distributed to the surviving spouse, unless the spouse

10

*has consented* to a change of beneficiaries. This language requires a consent prior to the death of the participant. At the time of Mr. Walsh's death, the beneficiary was Spouse; the consent presented by Daughters was executed by Spouse post-mortem, and therefore ineffective. See *MidAmerican Pension*, 720 F.3d at 719. Spouse, therefore, is the sole beneficiary, and is entitled to summary judgment.

## Attorneys' Fees

Spouse seeks an award of her attorneys' fees and costs against Daughters under 29 U.S.C. § 1132(g). This section provides:

> **(g) Attorney's fees and costs; awards in actions involving delinquent contributions**
>
> (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C.A. § 1132.

Although Spouse sets out the appropriate analysis for the Court's determination of whether, in its discretion, to award attorneys' fees in an action pursuant to 29 U.S.C. 1132, Spouse fails to articulate under what authority she relies to establish that the cross-claim in interpleader by Daughters falls within the parameters of Section 1132. As such, the Court is unable at this time to ascertain whether an award of attorneys' fees against Daughters would be appropriate.

11

Spouse will be given leave to supplement her request for attorneys' fees against Daughters.

## Conclusion

Based upon the foregoing, Spouse is the sole beneficiary under the Plan. Daughters' claims for a percentage of the proceeds of Mr. Walsh's benefits under the Plan are without merit and Spouse is entitled to judgement as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Spouse's Motion for Summary Judgment, [Doc. No. 60] is granted.

**IT IS FURTHER ORDERED** that is entitled to summary judgment on the Plan's Complaint for Declaratory Judgment and Petition in Interpleader, her Cross-Claim in Interpleader, and Daughters' Cross-Claim in Interpleader.

**IT IS FURTHER ORDERED** that Spouse is the sole primary beneficiary entitled to the Plan Benefit.

**IT IS FURTHER ORDERED** that Spouse is given 14 days from the date of this Opinion, Memorandum and Order to supplement her request for an award of attorneys' fees against Daughters.

An appropriate judgment will be entered upon the resolution of all pending

issues in this matter.

        Dated this 1st day of September, 2020.

                                                _____
                                                HENRY EDWARD AUTREY
                                           UNITED STATES DISTRICT JUDGE