UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE ESCO EMPLOYEE SAVINGS INVESTMENT PLAN,                    )<br>)<br>)<br>Plaintiff                    )<br>)<br>vs.                    )<br>)<br>AIMEE WALSH, *et al.*,                    )<br>)<br>Defendants/Cross-Claimants/    )<br>Cross-Defendants.                    ) | Case No. 4:19CV77 HEA |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Interpleader Discharge and for Attorney's Fees and Costs filed by Plaintiff The ESCO Employee Savings Investment Plan ("ESIP"), [Doc. No. 64]. Defendant Kerry Johnson Walsh has filed an opposition in which she seeks denial of the Motion, or in the alternative, if the Motion is granted, Johnson Walsh seeks an order requiring Aimee Walsh, Erin Walsh, and Rachel Verdugo to pay the fees. Defendants Aimee Walsh, Erin Walsh, and Rachel Verdugo have not responded to the Motion, nor have they responded to Johnson Walsh's request for an order requiring them to pay the fees if awarded. For the reasons set forth below, the Motion and Johnson Walsh's alternative request will be granted.

ESIP is an employee retirement plan governed by the Employee Retirement Income Security Act ("ERISA").  Patrick Walsh was a participant in the ESIP.

In 2007, Patrick Walsh executed a Beneficiary Designation Form and listed his wife, Kerry Johnson Walsh, as his primary beneficiary and his children, Erin M. Walsh, Aimee L. Walsh, and Rachel V. (Walsh) Verdugo, as his secondary beneficiaries. Patrick Walsh purportedly executed a Beneficiary Change Authorization Form in connection with his ESIP account on October 23, 2018. Patrick Walsh died on October 24, 2018.

Patrick Walsh was survived by his spouse, Kerry Johnson Walsh, and his children, Aimee Walsh, Erin Walsh, and Rachel Verdugo. Kerry Johnson Walsh purportedly executed the same Beneficiary Change Authorization Form in connection with Patrick Walsh's ESIP account on October 27, 2018.  Above Kerry Johnson Walsh's signature, the Beneficiary Change Authorization Form states, "I, the undersigned spouse of the Account Owner, hereby voluntarily consent to the beneficiary designation of a primary beneficiary other than me."

Plaintiff filed this interpleader action because the Beneficiary Change Authorization Form may have changed Patrick Walsh's beneficiary from solely Kerry Johnson Walsh to Kerry Johnson Walsh (25%), Aimee Walsh (25%), Erin Walsh (25%), and Rachel Verdugo (25%).

Kerry Johnson Walsh made a claim in connection with Patrick Walsh's benefits from ESIP (the "Benefits"). Aimee Walsh, Erin Walsh, and Rachel Verdugo likewise made claims in connection with the Benefits. There were questions regarding who was legally entitled to the Benefits, and ESIP was unable to discern the proper beneficiary without adjudication. There was reasonable doubt regarding which party or parties were authorized to receive the Benefits due and owing. The claims of the various individuals purporting to be beneficiaries of the Benefits of Patrick Walsh under the plan are adverse and competing. Had ESIP made a determination that one of the competing beneficiaries was entitled to the Benefits, litigation was likely from the competing beneficiaries who would not have been determined to be the proper beneficiaries, and ESIP had no way of verifying which individuals was in fact bona fide beneficiaries authorized to receive the Benefits. By paying the Benefits to any one of the defendants, as a purported proper beneficiary, ESIP could be subject to double, multiple, or inconsistent liabilities.

ESIP has no interest in the Benefits due and owing to the proper beneficiary of Patrick Walsh and is merely an innocent stakeholder wishing to discharge its obligations. The Benefits currently remain in Patrick Walsh's account in the ESIP and are held in Vanguard Retirement Savings Trust III. The sum of $83,172.41, as

of June 9, 2020, was the Benefit due and owing to the proper beneficiary of Patrick Walsh.

On September 1, 2020, the Court entered its Opinion, Memorandum and Order granting summary judgment in favor of Kerry Johnson Walsh, finding Johnson Walsh as the sole beneficiary of the Benefit.

ESIP as a disinterested stakeholder is entitled to recover its costs and reasonable attorney's fees incurred in bringing this instant action. *See Nw. Sav. Bank v. Rate Search, Inc.*, No. 4:10CV00665 AGF, 2010 WL 3782063, at *3 (E.D. Mo. Sept. 22, 2010) ("Attorney's fees and costs are properly awarded upon discharge of an disinterested stakeholder in an interpleader action."); *Dusseldorp v. Ho*, 4 F. Supp. 3d 1069, 1073 (S.D. Iowa 2014) (awarding attorney's fees to plaintiff in ERISA interpleader action); *Texas Life Ins. Co. v. Packman*, No. 4:13-CV-2019 JAR, 2014 WL 1400182, at *1 (E.D. Mo. Apr. 10, 2014) ("A disinterested stakeholder 'should not ordinarily be out of pocket for the necessary expenses and attorney's fees' it incurred in filing the interpleader action.").

ESIP has incurred costs and attorney's fees in bringing its Complaint in Interpleader. Those expenses include preparing the complaint, obtaining service of process, and securing ESIP's discharge from liability, all of which are recoverable. *See Dusseldorp*, 4 F. Supp. 3d at 1071; *W.-S. Life Assur. Co. v. Lee*, No. 4:13-CV-2499 CEJ, 2015 WL 2124753, at *3 (E.D. Mo. May 6, 2015).

4

The general starting point for calculating attorney's fees is the lodestar, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended on the case. *See W.-S. Life Assur. Co.*, 2015 WL 2124753, at *3. ESIP's attorney's fees and costs are set forth in the declaration of Charles B. Jellinek attached hereto to the Motion as Exhibit A and incorporated herein by reference. ESIP is only seeking a portion of its fees incurred in this matter, as explained further in Exhibit A.

The Court finds Plaintiff's attorneys' fees are reasonable and should be awarded from the Benefit.

With respect to Johnson Walsh's alternative request that Aimee Walsh, Erin Walsh, and Rachel Verdugo pay her the amount of fees deducted from the Benefit, the Court finds the request well founded.  The Court granted summary judgment in favor of Johnson Walsh.  This conclusion was based on the undisputed facts that the alleged consent was signed after Patrick Walsh had died.  As such it was completely ineffective under the plan provisions.  Furthermore, the record establishes that decedents daughters, Aimee, Erin, and Rachel allegedly attempted to secure a change in beneficiaries while their father was dying and was not competent to change his beneficiary.  Johnson Walsh has advised the Court that the daughters pressured her into signing the ineffective beneficiary change form during the time immediately following her husband's death; at time during which she was

grieving and wanted to have the daughter's leave her alone about the Benefit. Johnson Walsh is entitled to the entire Benefit and the daughter's actions requiring this interpleader suit rise to the level sufficient to shift the obligation to the

The Eighth Circuit has not yet addressed a prevailing interpleader defendant's request for attorneys' fees from a competing interpleader defendant pursuant to Section 1132(g)(1) of ERISA. However, numerous courts, including district courts within the Eighth Circuit, have applied the fee-shifting analysis of Section 1132(g)(1) in interpleader actions involving plans governed by ERISA – including in considering fee requests by interpleader defendants. *See, e.g.*, *Alliant Techsys., Inc. v. Marks*, 2008 WL 4151812, *2–4 (D. Minn. Sept. 4, 2008) (applying *Lawrence v. Westerhaus*, 749 F.2d 494, 495–96 (8th Cir. 1984) factors to prevailing interpleader defendant's request for fees against interpleader plaintiff and competing interpleader defendant); *see also First Trust Corp. v. Bryant*, 410 F.3d 842, 855 (6th Cir. 2005) (reversing district court's limitation on interpleader defendant's fee request against interpleader plaintiff under ERISA fee-shifting factors); *Humana Ins. Co. of Ky. v. O'Neal*, 2017 WL 3015173, *7 (E.D. Ky. July 14, 2017) (declining to award fees to interpleader defendant but applying ERISA fee-shifting factors in reaching result); *Joint Trustees of Intern. Longshore & Warehouse Union-Pac. Maritime Ass'n Pension Plan v. Pritchow*, 2012 WL 6625279, *3–4 (W.D. Wash. Dec. 19, 2012) (same); *Reliance Standard Life Ins.*

6

*Co. v. Lyons*, 756 F. Supp.2d 1013, 1030 (N.D. Ind. 2010) (same); *Schreffler v. Metro. Life Ins. Co.*, 2006 WL 1127096, *7–8 (D. Ariz. Apr. 25, 2006) (awarding fees to interpleader plaintiff under ERISA fee-shifting provision); *Metro. Life Ins. Co. v. Bischoff*, 366 F. Supp.2d 455, 458–59 (W.D. Tex. 2004) (awarding fees to interpleader defendant's guardian under ERISA fee-shifting provision); *IBM Savings Plan v. Price*, 349 F. Supp.2d 854, 860–61 (D. Vt. 2004) (applying HB: 4839-6310-4201.1 ERISA fee-shifting factors but declining to award fees to prevailing interpleader defendant where competing interpleader defendant brought "viable, but ultimately unsuccessful, claims"); *Travelers Ins. Co. v. Savage*, 1993 WL 22685, *2 (N.D. Ill. Feb. 1, 1993) (declining award of fees to interpleader plaintiff "[a]cting within the discretion allowed under § 1132(g)(1)").

Accordingly,

**IT IS HEREBY ORDERED** that Aimee Walsh, Erin Walsh, Rachel Verdugo, and Kerry Johnson Walsh are enjoined from instituting any action against ESIP for recovery of the Benefits;

**IT IS FURTHER ORDERED** that ESIP is discharged from any further liability in connection with Patrick Walsh's ESIP account;

**IT IS FURTHER ORDERED** that ESIP is awarded its attorney's fees and costs incurred in connection with bringing the Complaint in Interpleader in the amount of $17,989.63. Such fees and costs shall be paid out of the Benefits prior to

7

distribution to Kerry Johnson Walsh, as she has been adjudged to be entitled to the Benefits;

**IT IS FURTHER ORDERED** that ESIP to pay the Benefits less its attorney's fees and costs to Kerry Johnson Walsh.

**IT IS FURTHER ORDERED** that Aimee Walsh, Erin Walsh, and Rachel Verdugo shall pay the costs and attorney's fees in the amount of $17,989.63 to Kerry Johnson Walsh.

A separate judgment is entered this same date.

Dated this 25th day of November, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE